ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OPINION REGARDING THE APPROVAL OF CERTAIN COURSES BY THE OKLAHOMA REAL ESTATE COMMISSION FOR CONTINUING EDUCATION CREDITS. BECAUSE I AM THE LIAISON ATTORNEY TO THE REAL ESTATE COMMISSION, ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR REQUEST.
YOUR REQUEST FOR AN OPINION FROM THIS OFFICE FOCUSES SPECIFICALLY UPON THE APPROVED COURSES OFFERED BY THE GARY L. YOUNG REAL ESTATE INSTITUTE, LARRY JAMES AND COMPANY, AND PRODEVELOPMENT SYSTEMS. AS YOU MAY HAVE ALREADY LEARNED, MO ANDERSON, THE OWNER OF PRODEVELOPMENT SYSTEMS, AND CHAIRWOMAN OF THE REAL ESTATE COMMISSION, REQUESTED THAT CONTINUING EDUCATION CREDIT BE RESCINDED FOR ALL FUTURE OFFERINGS OF THE DAVE BENSON COURSES WHICH ARE THE SUBJECT OF YOUR REQUEST. LIKEWISE, NO CONTINUING EDUCATION CREDIT WAS OFFERED FOR THE APRIL 25TH PRODEVELOPMENT SYSTEMS COURSE OFFERING. PRACTICALLY, THEN, YOUR REQUEST IS LIMITED TO THE COURSE OFFERINGS BY THE GARY L. YOUNG REAL ESTATE INSTITUTE AND THE LARRY JAMES COMPANY.
IN ADDITION TO THE RESEARCH WHICH I HAVE UNDERTAKEN INDEPENDENTLY, I HAVE ALSO MET WITH THE OKLAHOMA REAL ESTATE COMMISSION, IN OPEN MEETING, ON MAY 9, 1990 CONCERNING THE SUBJECT MATTER IMPLICATED BY YOUR OPINION REQUEST. THE PURPOSE OF MY ATTENDANCE AT THAT MEETING WAS TO ALLOW THE COMMISSIONERS TO SHARE WITH ME THEIR CONCERNS ABOUT THE SITUATION GIVING RISE TO YOUR REQUEST.
FROM THAT MEETING, AND FROM DISCUSSIONS WITH MEMBERS OF THE COMMISSION STAFF, I WAS ALSO ABLE TO GAIN A BETTER KNOWLEDGE OF THE PROCESS THROUGH WHICH COURSES ARE APPROVED BY THE COMMISSION FOR CONTINUING EDUCATION CREDIT. I MIGHT ADD THAT I ALSO GAINED SOME INSIGHT INTO THE REAL ESTATE COMMISSION'S LONGSTANDING INTERPRETATION OF THEIR RULES CONCERNING COURSE APPROVAL FOR CONTINUING EDUCATION.
AS A RESULT OF THESE INQUIRIES, I AM CONVINCED THAT THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL WOULD BE INAPPROPRIATE UNDER THESE CIRCUMSTANCES. IT HAS LONG BEEN THE POLICY OF THIS OFFICE NOT TO PRESUME TO ISSUE OPINIONS WHICH DEPEND FOR THEIR RESULT UPON THE INTERPLAY OR DETERMINATION OF FACTUAL CIRCUMSTANCES.
THE ISSUANCE OF THE OPINION WHICH YOU REQUEST WOULD REQUIRE THIS OFFICE TO EVALUATE THE CONTENTS OF EACH OF THE APPROVED COURSES IN ORDER TO DETERMINE WHETHER OR NOT EACH COURSE WAS "DIRECTLY RELATED TO REAL ESTATE OR REAL ESTATE PRACTICES," OR WHETHER EACH COURSE COULD LEGITIMATELY BE SAID TO FURTHER THE CONTINUING EDUCATION GOAL OF PROVIDING "AN EDUCATIONAL PROGRAM THROUGH WHICH REAL ESTATE LICENSES CAN CONTINUALLY BECOME MORE COMPETENT AND REMAIN QUALIFIED TO ENGAGE IN THE REAL ESTATE ACTIVITIES FOR WHICH THEY ARE LICENSED."
IT SEEMS CLEAR THAT IT IS PRECISELY THIS TYPE OF DETERMINATION WHICH HAS BEEN COMMITTED TO THE DISCRETION OF THE MEMBERS OF THE REAL ESTATE COMMISSION; THE COMMISSIONERS WERE APPOINTED BY THE GOVERNOR BECAUSE THEY HAVE THE PROFESSIONAL BACKGROUNDS AND EXPERTISE TO MAKE THIS KIND OF DETERMINATION. IF A PARTY IS AGGRIEVED BY THE INTERPRETATION OF A RULE BY THE OKLAHOMA REAL ESTATE COMMISSION, OR ANY SUCH AGENCY, THE ADMINISTRATIVE PROCEDURES ACT PROVIDES THE REMEDY OF AN ACTION FOR DECLARATORY JUDGMENT. CERTAINLY THE JUDICIARY IS BETTER SUITED TO EVALUATING THE FACTUAL DECISIONS OF AN ADMINISTRATIVE AGENCY THAN THIS OFFICE.
ALTHOUGH THE ISSUANCE OF AN OPINION BY THE ATTORNEY GENERAL IS NOT APPROPRIATE IN THIS INSTANCE, I WILL CERTAINLY BE AVAILABLE TO ANSWER ANY QUESTIONS YOU MIGHT HAVE CONCERNING THIS LETTER OR THE CIRCUMSTANCES WHICH GAVE RISE TO YOUR REQUEST.
(REBECCA RHODES)